**RECORD NO. 16-1814**

**IN THE**

# United States Court of Appeals
**FOR THE FOURTH CIRCUIT**

COREY MOODY,

*Plaintiff - Appellant,*

v.

DANIELLE HOLLANDSWORTH, individually;
RANDY GIBSON, individually,

*Defendants - Appellees.*

and

THE CITY OF NEWPORT NEWS, VIRGINIA; JAMES D. FOX, in his official capacity; RICHARD W. MYERS, in his official capacity; RUSSEL TINSLEY, individually; RYAN NORRIS, individually,

*Defendants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT NEWPORT NEWS

## REPLY BRIEF OF APPELLANT

Michael B. Ware
Adrienne M. Sakyi
SCHEMPF & WARE, PLLC
4000 George Washington Memorial Pkwy
Yorktown, VA 23692
(757) 240-4000

Timothy G. Clancy
CLANCY & WALTER PLLC
544 Settlers Landing Road
Hampton, VA 23669
(757) 826-5000

*Counsel for Appellant*
*Corey Moody*

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................ ii

INTRODUCTION ........................................................................................1

APPELLEES' RESPONSE BRIEF CONFIRMS THAT THE FACTS THAT WERE IN DISPUTE WERE MATERIAL TO THE COURT'S RULING..............1

THE TRIAL COURT ERRED IN FINDING THAT APPELLANT WAS NOT SEIZED WHEN APPELLEE HOLLANDSWORTH SHOT AT HIM ...................3

THE TRIAL COURT ERRED IN DETERMINING THAT APPELLEES ARE ENTITLED TO QUALIFIED IMMUNITY..........................................................4

CONCLUSION ........................................................................................4

ORAL ARGUMENT REQUEST ...............................................................6

CERTIFICATE OF COMPLIANCE ...........................................................7

CERTIFICATE OF FILING AND SERVICE ..............................................8

## TABLE OF AUTHORITIES

## CASES

Page

*United States v. Black*,
707 F.3d 531 (4th Cir. 2013) ....................................................................3

*United States v. Brown*,
401 F.3d 588 (4th Cir. 2005) ....................................................................3

## I. INTRODUCTION

In response to Appellees' Response brief, it is more clear than ever that the merits of this litigation turn on the disposition of facts that are material and in dispute in the record and between the parties. Additionally, Mr. Moody reiterates and relies upon his arguments made in his opening brief as to the seizure of Mr. Moody by Appellee Hollandsworth and the trial court's error in finding that the Appellees were entitled to qualified immunity.

## II. APPELLEES' RESPONSE BRIEF CONFIRMS THAT THE FACTS THAT WERE IN DISPUTE WERE MATERIAL TO THE COURT'S RULING

As stated in the opening brief, there are several key facts that are genuinely in dispute and material to the determinations of the merits of this case, including: i) the location of Officer Tinsley during the incident, ii) Officer Tinsley's initial instructions to Mr. Moody upon his initial approach, and iii) when Mr. Moody began to drive away. These facts have direct bearing on the reasonableness of Appellees' use of force in this case. Appellees' brief attempts to dismiss matters of fact as not genuine or immaterial. However, throughout their response brief, the Appellees depend on those facts when making their arguments.

For example, Appellees state that Officer Tinsley was "hanging out" of the vehicle in their argument pertaining to the summary judgment granted as to Appellee Gibson. Appellees' Br. at 22. Additionally, Appellees argue that Officer Tinsley had to be inside of the vehicle at the time the shots were fired because he was injured by bullets or shrapnel. Appellees' Br. at 25.

As argued in the opening brief, the location of Officer Tinsley during this incident is contested. Appellant's Br. at 7-8. Further, Appellees make a conclusory jump when they state that Officer Tinsley being struck by a bullet or fragments means that he had to be "inside" the vehicle, which is a factual matter that should be determined by a jury.

Another example is that Appellees allege that "it strains credulity for him [Mr. Moody] to assert that he was not aware that he was subject" to the state criminal charges that were *nolle prosequi* being reinstated federally. Appellees' Br. at 23. As argued in the opening brief, the testimony in this case is that Mr. Moody was not aware of any active warrants for his arrest. JA. 571, 425, 230, Appellant's Br. at 7.

An additional example is that Appellees argue that the fact that Mr. Moody initially complied with the officers' commands is immaterial to the district court's decision that Appellee Hollandsworth's conduct was objectively reasonable.

However, Appellees then go on to discuss the import of Mr. Moody's initial compliance in detail when addressing whether Appellee Hollandsworth seized Mr. Moody prior to her firing her weapon at him. Appellees' Brief at 13-14.

In light of these examples, Appellees' argument that Mr. Moody failed to identify a genuine issue of material fact is contradicted by the reliance upon establishment of these facts in their favor in their "Argument" section of the brief.

**III. THE TRIAL COURT ERRED IN FINDING THAT APPELLANT WAS NOT SEIZED WHEN APPELLEE HOLLANDSWORTH SHOT AT HIM.**

Appellees argue in their brief that Mr. Moody was not seized when Appellee Hollandsworth shot at him and that the failure of the bullet to strike Mr. Moody means that Appellee Hollandworth did not seize Mr. Moody.

Because Mr. Moody was seized due to his compliance and acquiescence with the officers' commands during the initial phase of the traffic stop, Mr. Moody was seized by the officers. Mr. Moody reiterates his reliance on *United States v. Black*, 707 F.3d 531 (4th Cir. 2013) and *United States v. Brown*, 401 F.3d 588 (4th Cir. 2005). The defendant in *Black* is particularly similarly situated to Mr. Moody as he withdrew his consent after previously acquiescing and submitting to the officers' authority. There is not a basis in the *Black* case to draw a differentiation

between that defendant's walking away and Mr. Moody's driving away as Appellees do in their brief. Appellees' Br. at 15.

For the foregoing reasons and those stated in Mr. Moody's opening brief, this Court should find that Mr. Moody was already seized when Appellee Hollandsworth shot at him.

**IV. THE TRIAL COURT ERRED IN DETERMINING THAT APPELLEES ARE ENTITLED TO QUALIFIED IMMUNITY.**

Mr. Moody relies upon and reiterates the arguments raised in his opening brief as to the error of the trial court in ruling that Appellees are entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, and those set forth in Appellant's opening brief, this Court should reverse the District Court's ruling.

Because there are genuine issues of material fact in dispute, the District Court should not have granted Appellees Hollandsworth's and Gibson's Motions for Summary Judgment. Since Appellant was already seized when Appellee Hollandsworth shot at him and because she thereafter violated Appellant's clearly-established Fourth Amendment rights, the District Court erred in its determination that Hollandsworth is entitled to qualified immunity. Similarly, because Gibson

violated Appellant's clearly-established Fourth Amendment rights by using excessive force against him, the District Court erred in granting Appellee Gibson qualified immunity.

Appellant respectfully requests the Court reverse the District Court's ruling, deny Appellees' Motions for Summary Judgment, and hold that Appellees are not entitled to qualified immunity, leaving such determinations to the trier of fact.

## ORAL ARGUMENT STATEMENT

Plaintiff-Appellant Corey A. Moody respectfully requests oral argument.

By: /s/ Adrienne M. Sakyi

Adrienne M. Sakyi, Esq. (VSB #80889)
**SCHEMPF & WARE, PLLC**
4000 George Washington
Memorial Highway
Yorktown, VA 23692
Telephone: (757) 240-4000
Fax: (757) 240-4001
asakyi@4000law.com

## CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH LIMITATIONS

1. This brief has been prepared using:

    Microsoft Word, Fourteen Point, Times New Roman Font

2. EXCLUSIVE of the table of contents; table of citations; statement with respect to oral argument; any addendum containing statutes, rules, or regulations; and the certificate of service, this Principal Brief contains:

    874 Words and 5 Pages

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and/or copy of the work or line printout.

November 14, 2016

/s/ Adrienne M. Sakyi
Adrienne M. Sakyi

## CERTIFICATE OF SERVICE

I hereby certify that the required copies of the foregoing Reply Brief of Appellant were filed with the Clerk, the U.S. Court of Appeals for the Fourth Circuit via hand delivery and electronically using the Court's CM/ECF system which will send notification of such filing to:

James A. Cales III
**FURNISS, DAVIS, RASHKIND AND SAUNDERS, P.C.**
6160 Kempsville Circle, Suite 341B
Post Office Box 12525
Norfolk, VA 23541
jcales@furnissdavis.com

Jeff W. Rosen
Lisa Ehrich
**PENDER & COWARD**
222 Central Park Avenue
Virginia Beach, VA 23462
jrosen@pendercoward.com
lehrich@pendercoward.com

November 14, 2016

/s/ Adrienne M. Sakyi
Adrienne M. Sakyi